MICHAEL R. MILLER AND JULIE MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 16533-81.
United States Tax Court
T.C. Memo 1983-73; 1983 Tax Ct. Memo LEXIS 722; 45 T.C.M. (CCH) 670; T.C.M. (RIA) 83073; February 2, 1983. Michael R. Miller, pro se. John C. Meaney, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies and additions to tax in petitioner Michael R. Miller's Federal income tax as follows: Additions to Tax [1]
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1973
$2,711.00
$590.00
$136.00
$72.00
1974
3,037.00
759.00
151.00
113.00
1975
3,265.00
816.00
163.00
141.00
1976
2,019.00
505.00
101.00
75.00
1977
2,161.00
540.00
108.00
77.00
1978
2,180.00
545.00
109.00
70.00
*723 Respondent determined deficiencies and additions to tax in petitioner Julie Miller's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1976
$881.00
$220.00
$44.00
$33.00
1977
947.00
236.00
47.00
34.00
1978
1,057.00
264.00
53.00
34.00
At the hearing of this case held on March 29, 1982, respondent's motion for partial summary judgment was granted, thereby eliminating from the case the demand for a grant of immunity and various constitutional claims raised in the petition. Thus, the only remaining issue for our decision is whether petitioners have proved that the determinations made by respondent in the respective notices of deficiency are incorrect. [2]
*724 None of the facts have been stipulated. To facilitate the disposition of this case, we have combined the findings of fact and opinion. Petitioners Michael R. Miller and Julie Miller were residents of St. Anthony, Idaho, at the time of filing the petition herein. Mr. Miller filed no Federal income tax returns for taxable years 1973 through 1978. Petitioners were married in 1976. Since Idaho observes community property laws, one-half share of Mr. Miller's income tax attributed to Mrs. Miller in taxable years 1976 through 1978. Respondent determined petitioners' income and deficiencies during the years in issue by reference to a loan application Mr. Miller completed in 1976 in which he stated that he was self-employed and had a monthly income of $1,200. Respondent adjusted petitioner's annual income for 1976 of $14,400 by adding to it or subtracting from it 6.7 percent per year, which represented the yearly change in the average price index. [3] As an alternative position, respondent also figured Mr. Miller's income by reference to the Bureau of Labor Statistics wage base for a family of four on an intermediate budget living in the West in a nonmetropolitan area. [4]
*725 At trial, although admitting that he maintained records of his income, Mr. Miller offered no books or other evidence to prove respondent's determination incorrect. On brief he attacked the notice of deficiency, stating that the average price index used to calculated his income "has no basis in reality." A statutory notice of deficiency is presumptively correct. It places on the petitioner the burden of proof and the burden of going forward with the evidence to show that the deficiencies asserted in the statutory notice are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Ordinarily, we will not look behind the statutory notice to examine the method used in making the determination. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1975). [5]
*726 An apparent exception to this established rule exists in a case involving illegal unreported income, when the respondent relies solely on the presumption of correctness and fails to introduce documentary or testimonial evidence that would establish a nexus between petitioner and the activitiy that respondent alleges generated the unreported income. Weimerskirch v. Commissioner,596 F.2d 358 (9th Cir. 1977), revg. 67 T.C. 672; Jackson v. Commissioner,73 T.C. 394 (1979). Petitioners seek to invoke the narrow exception enunciated in Weimerskirch in the instant case, but they fail in their effort. Respondent here has not attributed to petitioner unreported illegal income and required him to disprove it. Rather, he took petitioner's admission as to his monthly income of $1,200 in 1976, made on a loan application, and extrapolated his annual income from that figure for the years in issue. [6] We hold that the Weimerskirch exception is not available to petitioners. They bear the burden of disproving respondent's determination. *727 At trial Mr. Miller admitted that he had income and business expenses during taxable years 1973 through 1978 but produced not a shred of evidence in support of his contention. He stated that the income attributed to him was excessive because of the seasonal nature of his work, but he failed to identify his occupation and presented no evidence in support of any business expenses.Petitioners totally failed to carry their burden of proof.
Petitioners have not filed Federal income tax returns or paid taxes for nearly a decade. They raised frivolous constitutional claims, requesting a stay of proceedings until a grant of immunity from criminal prosecution could be secured even though they had been assured that they were not under any criminal investigation. Yet in spite of these tactics, which could only serve to delay these proceedings, they boldly stated on brief that they "have come to this Court to seek justice." From our perspective it appears that they have come before the Court not to seek but to make a mockery of justice. In these circumstances, we hereby award damages in the amount of $500 pursuant to section 6673. [7]
*728 Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Petitioners have not raised as error in their petition, at trial, or on brief their liability for additions to the tax under sections 6651(a), 6653(a) and 6654. They only questioned the amounts of the additions since they are calculated as percentages of the deficiencies and would vary as the deficiencies were increased or decreased. Therefore, we shall treat petitioners as having conceded liability for these additions.↩
3. Petitioner's gross income was determined as follows: ↩
Year
Amount
1973
$11,505
1974
12,470
1975
13,435
1976
14,400
1977
15,365
1978
16,330
4. Computed in this manner, Mr. Miller's annual income would have been considerably lower than it was as calculated with reference to the monthly income stated on his loan application.↩
5. For discussions supporting respondent's determination of taxable income based on government indexes, see, e.g., Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Kindred v. Commissioner,669 F.2d 400 (6th Cir. 1982), affg. T.C. Memo. 1979-457; Giddio v. Commissioner,54 T.C. 1530↩ (1970).
6. Cf. Guercio v. Commissioner,T.C. Memo. 1982-28↩, where the Court found no basis for holding the Commissioner's determination arbitrary when based on amounts admitted by the taxpayer as income on his wagering tax returns.
7. Section 6673 provides: DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT MERELY FOR DELAY. Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩