THOMAS A. BROWNING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Browning v. Commissioner
Docket No. 46063-86
United States Tax Court
T.C. Memo 1991-93; 1991 Tax Ct. Memo LEXIS 112; 61 T.C.M. (CCH) 2053; T.C.M. (RIA) 91093; March 4, 1991, Filed *112 Decision will be entered for the respondent. P, a college-educated yachtsman and skier, and two long-time friends planned and carried out a drug smuggling operation. At the conclusion of the operation, P was in possession and control of $ 2 million in drug proceeds. Held: P had income under section 61, I.R.C. 1954. Held further: Section 280E disallows deductions for trade and business expenses incurred in a drug trafficking business. Held further: Although the evidence indicates a deficiency higher than determined in the notice of deficiency, because respondent did not assert this higher amount before trial, we are without jurisdiction to redetermine a greater amount. Sec. 6214(a), I.R.C. 1954. David A. Cutner, for the petitioner. Robert B. Marino and Peter Graziano, for the respondent. FAY, Judge. FAY
OPINION Respondent determined a deficiency in and additions to petitioner's Federal income tax as follows: Additions to Tax, Section
Year
Deficiency
6651(a)(1) [1]
6654
6661
1983
$ 539,363.00
$ 134,841.00
$ 33,006.00
$ 53,936.00
*113 After concessions, the issues remaining for decision are: (1) whether petitioner had unreported income in taxable year 1983; (2) whether petitioner is liable for an addition to tax in the amount of $ 134,841.00 for failure to file a timely return pursuant to section 6651(a)(1); (3) whether petitioner is liable for an addition to tax in the amount of $ 33,006.00 for failure to pay estimated tax for taxable year 1983 pursuant to section 6654; and (4) whether petitioner is liable for an addition to tax in the amount of $ 53,936.00 for a substantial understatement of income tax for taxable year 1983 pursuant to section 6661. For the sake of clarity and convenience, the findings of fact and related discussion will be arranged by issue. Thomas A. Browning [2] (hereinafter petitioner) resided in Fall Creek, Colorado, when the petition in this case was filed. Some of the facts in this case have been stipulated, and the stipulation of facts and related exhibits are incorporated by reference. *114 Preliminary Issue
Before we are able to consider the heart of the matter, there are several preliminary issues which need to be addressed. The first such issue is whether petitioner is collaterally estopped from denying he possessed in excess of 1,000 pounds of marijuana. The other preliminary issues are evidentiary. Collateral Estoppel
By amended answer filed on March 6, 1990, respondent raised the affirmative defense of collateral estoppel. Respondent sought to collaterally estop petitioner from denying petitioner possessed in excess of 1,000 pounds of marijuana. Respondent has the burden of proof with respect to the collateral estoppel issue. Rule 142(a). At the commencement of trial of this case, the Court ruled collateral estoppel applies. The issue is discussed here only because petitioner continued to argue against application of collateral estoppel on brief. The Court has reviewed its ruling in light of the arguments advanced and cases cited in petitioner's brief. The Court was not convinced by petitioner's arguments. Collateral estoppel does apply, and the Court stands by its initial holding. Because petitioner pled guilty to possession with intent *115 to distribute in excess of 1,000 pounds of marijuana in the taxable year in issue, petitioner cannot now deny he possessed in excess of 1,000 pounds of marijuana in the taxable year at issue. Evidentiary Issues
Petitioner spent a substantial amount of time at trial attempting to exclude certain evidence. This evidence includes the transcript of the trial of United States v. Baines, Criminal No. 86-00014-P (D. Me. June 9, 1986), and the testimony of Thomas Kavanagh at the trial of United States v. Baines. The evidence was admitted during trial over petitioner's objection. Once again, petitioner has spent considerable energy arguing against admission of the evidence on brief. After review of petitioner's evidentiary arguments, the Court stands by its initial rule admitting the evidence. Substantive Issues
Validity of the Notice
With the preliminary matters disposed of, we turn our attention to the heart of the matter. Petitioner's first tactic is to attack the validity of the notice of deficiency. A deficiency notice is presumed correct and petitioner has the burden to prove otherwise. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule *116 142(a). As a general rule we will not look behind a deficiency notice. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327 (1974). However, if petitioner can show the notice was arbitrary and capricious, the burden of going forward will shift to respondent. In the case at hand, respondent used a combination of the cash expenditure and unexplained deposit methods to determine petitioner had unreported income of $ 1,093,152.00. As more information concerning petitioner's drug dealings became available, respondent properly adjusted his arguments to more accurately comport with the facts of this case. In computing cash expenditures, respondent used $ 600 for the wholesale price of one pound of marijuana during the year in question. Respondent has since conceded $ 250-300 per pound is more accurate. Petitioner, citing Llorente v. Commissioner, 649 F.2d 152 (2d Cir. 1981), affg. in part and revg. and remanding in part 74 T.C. 260 (1980), argues the adjustment in respondent's foundation for the deficiency and the error in the notice of deficiency concerning price cause the notice to be arbitrary and therefore invalid. *117 Respondent argues petitioner's income was determined by a reasonable method, and any inaccuracies were caused by petitioner's failure to keep books and records; therefore, the notice was not arbitrary. We agree with respondent. In cases involving unreported income from illegal activities, courts have held respondent must "link the taxpayer with some tax-generating acts, such as the purchase or sale of controlled substances" and show "taxpayer's involvement was sufficient to support an inference that he received or used funds in the course of his engagement in the unlawful activity." Llorente v. Commissioner, supra at 156. See Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979). Respondent has clearly met both these requirements. Petitioner has pled guilty to possession with intent to distribute marijuana in the year in question and has made substantial unexplained deposits in the same year. We hold the notice of deficiency was not arbitrary and petitioner bears the burden of going forward, as well as the burden of proof, on all remaining issues. Welch v. Helvering, supra; Rule 142. Unreported Income
*118 Petitioner did not file a Federal income tax return for taxable year 1983. Petitioner conceded he had $ 135,000.00 of income from his dealing in marijuana. In 1983 petitioner was a principal in a drug smuggling operation with two long-time friends, Jack Rule and Thomas Kavanagh. This particular enterprise was referred to as the Casco Deal during the trial. At this point, it is interesting to note the background of petitioner, Rule, and Kavanagh. Petitioner was educated in a New England preparatory school as well as at college. Rule was also a college graduate. Petitioner spent part of his youth sailing yachts with his parents. In fact, he met Kavanagh, a fellow yachtsman, through his sailing activity. Yachting was not petitioner's only expensive hobby. Petitioner was also an avid skier. He would fly back and forth between New York and Colorado to facilitate his skiing. The Casco Deal was not the first drug operation for any of them. All three have been involved in drug smuggling, together and separately, since at least 1978. In fact, at one time petitioner encouraged Barbara Thompson, a frequent traveling companion, and her younger brother to transport a carload of *119 marijuana from Florida to New York for petitioner. Both Ms. Thompson and her brother were arrested for their actions. Returning to the facts of the Casco Deal, in or about April of 1983, petitioner had control over an amount of high-quality marijuana totaling approximately 8,000 pounds. Kavanagh, who was in the Caribbean, was to arrange a boat to transport the marijuana to Casco, Maine. Rule was in charge of distributing the marijuana as well as inventory, bookkeeping, and collection of sales proceeds. All 8,000 pounds of marijuana were sold within three to seven days after its arrival in Casco. The sale of marijuana netted approximately $ 2.4 million. Rule kept $ 400,000 and gave the remaining $ 2 million to petitioner. Petitioner testified he turned all of the $ 2 million over to Kavanagh. Then petitioner claims he went to St. Martin and received payment of $ 135,000 from Kavanagh for his participation in the Casco Deal. Petitioner has conceded $ 132,950 of income from drug trafficking. Petitioner was evasive and hesitant during his entire testimony. Based on petitioner's academic background, there is no indication petitioner's hesitance was due to lack of understanding *120 the questions. There were numerous contradictions in petitioner's testimony. Petitioner called no corroborating witnesses and offered no corroborating documents. Additionally, petitioner's only attack on respondent's case was to exercise his right to fight long and hard to keep out the bulk of substantive evidence respondent offered. As previously discussed, we did not exclude any of respondent's evidence. We find petitioner's testimony incredible. We are not required to accept unpersuasive testimony of interested parties. Tokarski v. Commissioner, 87 T.C. 74 (1986). Section 61 provides gross income is all income from whatever source derived. This includes gains from illegal activities. Sec. 1.61-14(a), Income Tax Regs. When a recipient has such control over gain that he realizes economic benefit from its value, the recipient has income. James v. United States, 366 U.S. 213, 216, 6 L. Ed. 2d 246, 81 S. Ct. 1052 (1960). We find petitioner had dominion and control over $ 2 million obtained from the Casco Deal. Petitioner presented no evidence as to cost of goods sold. As to any trade or business expenses petitioner incurred in the smuggling activity, section 280E *121 disallows the "deduction * * * for any amount paid or incurred * * * in carrying on any trade or business * * * consist[ing] of trafficking in controlled substances." Marijuana is a controlled substance. Therefore, petitioner cannot deduct any such expenses related to his smuggling enterprise. Accordingly, we hold petitioner is liable for the full amount of the deficiency. [3]
Section 6651(a)(1)
Section 6651(a)(1) provides an addition to tax for failure to file a tax return. The parties stipulated petitioner did not file a return for the year at issue. Petitioner has not shown reasonable cause; therefore, he is liable for the addition to tax pursuant to section 6651(a)(1) of 25 percent of the deficiency. Section 6654
Section 6654 provides an addition for failure *122 to pay estimated income tax. Petitioner has offered no evidence he paid estimated tax nor any evidence indicating section 6654 would not apply. Accordingly, petitioner is liable for an addition to tax pursuant to this section. Section 6661
Section 6661 provides for an addition to tax for a substantial understatement of income tax. Petitioner effectively concedes the application of section 6661 by arguing "the calculation of any penalties must be done on the basis of petitioner's income for 1983 proved at trial." As we have determined, petitioner's income for 1983 was $ 1,093,152.00. Respondent's calculation of the section 6661 addition to tax was based on this amount. Accordingly, we hold petitioner liable for the addition to tax pursuant to section 6661. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Throughout the transcripts and documentary evidence, petitioner is occasionally referred to as "T.O."↩
3. Although the evidence indicates a higher deficiency than determined on the notice of deficiency, because respondent did not assert this higher amount before trial, we are without jurisdiction to redetermine a greater amount. Sec. 6214(a)↩.