89 F.3d 844
 77 A.F.T.R.2d 96-2203, 96-1 USTC P 50,296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Wayne BROWN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70111.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas Wayne Brown appeals pro se the Tax Court's decision, after remand from this Court, upholding the Commissioner of Internal Revenue's ("Commissioner") determination of deficiencies in Brown's federal income taxes and additions to tax for failure to file tax returns, failure to pay estimated taxes and negligence for the years 1980 and 1981. We have jurisdiction pursuant to 26 U.S.C. § 7482, and we affirm.
 
 
 3
 We review for clear error the Tax Court's finding that a taxpayer received income from illegal activities. Weimerskirch v. Commissioner, 596 F.2d 358, 359-60 (9th Cir.1979).
 
 
 4
 Brown contends that the Tax Court erred by failing to find that the Commissioner's determination was arbitrary or erroneous because the Commissioner failed to introduce substantive evidence showing that Brown participated in and received income from several robberies in 1980 and 1981. This contention lacks merit.
 
 
 5
 In general, the Commissioner's deficiency determinations are presumed correct. See Adamson v. Commissioner, 745 F.2d 541, 547 (9th Cir.1984); Weimerskirch, 596 F.2d at 360. In cases involving unreported income from illegal activities, however, the presumption arises only after the Commissioner provides a minimal evidentiary foundation linking the taxpayer with the charged activity. Adamson, 745 F.2d at 547; Weimerskirch, 596 F.2d at 361.
 
 
 6
 Here, the Tax Court found that Brown participated in and received income from several robberies in 1980 and 1981. The Tax Court's finding was based primarily upon the testimony of the government's sole witness, Douglas Bruce Fenimore. Fenimore testified that he was involved in all four robberies. Fenimore also testified that Brown was a co-participant in the robberies and that the proceeds of each robbery were divided evenly among the participants.
 
 
 7
 Brown argues that Fenimore's testimony should be rejected because Fenimore is a "known perjurer." Brown also argues that the testimony of several of his witnesses discredited Fenimore's testimony and impeached Fenimore's veracity. The Tax Court found, however, that Fenimore was credible and expressly rejected the testimony of Brown's witnesses based upon their demeanor at trial. "When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom had told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).
 
 
 8
 Because Fenimore's testimony was sufficient to link Brown with the robberies in 1980 and 1981, the burden shifted to Brown to show that the Commissioner's determination was arbitrary or erroneous. See Adamson, 745 F.2d at 547.
 
 
 9
 Here, Brown failed to prove that the determination was arbitrary or erroneous. Brown merely attempted to impeach Fenimore's veracity and discredit Fenimore's testimony through the testimony of witnesses whom the Tax Court found were not credible. On this record, we cannot say that the Tax Court clearly erred. See Adamson, 745 F.2d at 547; Weimerskirch, 596 F.2d at 360.
 
 
 10
 Insofar as Brown challenges the Tax Court's decision on the ground that his prior acquittal on a bank robbery charge somehow barred the Commissioner from determining deficiencies and additions to tax, we reject this challenge. The difference in the degree of the burden of proof precludes the application of the doctrine of res judicata. See Helvering v. Mitchell, 303 U.S. 391, 396-404 (1938). Likewise, insofar as Brown challenges the Tax Court's decision under the double jeopardy clause of the Fifth Amendment, we reject this challenge. See id. at 405; cf. Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937, 1948 (1994) (holding that a tax assessed on the possession of marijuana after a conviction for the same conduct violated the double jeopardy clause). Finally, although Brown appears to claim that his rights under the Eighth Amendment are implicated by the Commissioner's deficiency determinations and additions to tax, he offers no authority, nor are we aware of any, to support this proposition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3