T.C. Memo. 1997-323


UNITED STATES TAX COURT


CHENG C. AND SUSAN L. KAO, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2982-94, 2983-94,    Filed July 15, 1997.
       6667-95.


<u>Robert H. Solomon</u> and <u>Mark L. Quazzo</u>, for petitioners.

<u>Rebecca T. Hill</u> and <u>Bryce A. Kranzthor</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  Respondent determined the following deficiencies, additions to tax, and accuracy-related penalties with respect to petitioners' Federal income taxes:

---

[1]  Cases of the following petitioners are consolidated herewith:  Kolyn Enterprises Corp., docket No. 2983-94; and KCW Associates, Inc., docket No. 6667-95.

Cheng C. and Susan L. Kao, docket No. 2982-94

| | | Additions to Tax | | Penalty |
| | | | | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6661 | Sec. 6662(a) |
| --- | --- | --- | --- | --- |
| 1988 | $186,609 | $9,330 | $46,652 | -- |
| 1989 | 975,338 | -- | -- | $195,068 |
| 1990 | 663,670 | -- | -- | 132,734 |
| 1991 | 347,457 | -- | -- | 69,491 |

Kolyn Enterprises Corp., docket No. 2983-94

| | | Additions to Tax | | Penalty |
| | | | | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6661 | Sec. 6662(a) |
| --- | --- | --- | --- | --- |
| 1988 | $ 182,456 | $9,123 | $45,614 | -- |
| 1989 | 1,125,870 | -- | -- | $225,174 |
| 1990 | 733,023 | -- | -- | 146,605 |
| 1991 | 266,566 | -- | -- | 53,313 |

KCW Associates Inc., docket No. 6667-95

| | | Penalty |
| Year | Deficiency | Sec. 6662(a) |
| --- | --- | --- |
| 1990 | $97,350 | $19,470 |
| 1991 | 1,962 | 392 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar. After concessions, the issues for decision are as follows:

1. Whether petitioners failed to report income. We hold that they did to the extent provided below.

2. Whether petitioners are liable for additions to tax and accuracy-related penalties. We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petitions were filed, Cheng and Susan Kao resided,

and Kolyn Enterprises Corp. and KCW Associates, Inc., each had their principal place of business, in Los Altos, California.

Petitioners Cheng and Susan Kao were born and raised in Taiwan. In 1964, Cheng Kao moved to the United States to pursue graduate studies in applied physics at Harvard University. In 1969, he received a Ph.D. In 1968, Susan Kao moved to the United States to pursue graduate studies in chemistry at the University of Rochester. She married Dr. Kao in 1970, and they have three children. During the years in issue, Mrs. Kao was employed as an engineer at Intel Corp., and Dr. Kao was employed as president of Kolyn Enterprises Corp. (Kolyn) and as vice president of KCW Associates, Inc. (KCW). Dr. Kao has five younger siblings, four of whom reside in the United States. His sister, Yu-Hsia Kao Tu, resides in Taiwan.

Kolyn is a closely held corporation that trades in electronic goods, invests in real estate, and advises Asian electronics companies. Dr. and Mrs. Kao together own 52 percent, and their three children each own 16 percent, of Kolyn's stock. KCW is a closely held corporation that trades in electronic goods and invests in real estate. KCW's stock is held by Dr. Kao and his relatives.

During the years in issue, petitioners filed their Federal income tax returns in a timely manner. Kolyn's returns, on Schedule L, reported increases in long-term liabilities. On their 1991 returns, the Kaos and Kolyn disclosed, on Forms 8275,

- 4 -

that Kolyn received $790,000.  The disclosures stated that these funds were not taxable to either Kolyn or the Kaos.  In 1992, the Internal Revenue Service conducted an audit of Kolyn's 1988, 1989, and 1990 returns.  Agent Jimmy Chan was assigned to the case.  On January 14, 1992, Agent Chan met with Dr. Kao for approximately 7 hours to review Kolyn's corporate records.  During the interview, Agent Chan discovered numerous deposits in Kolyn's accounts.  In response to Agent Chan's questions, Dr. Kao explained that these deposits were cash gifts from his father.  Dr. Kao refused, however, to provide Agent Chan with any records to corroborate his explanation.

Because Dr. Kao failed to provide records to corroborate his explanation for these and other deposits in petitioners' accounts, respondent used the bank deposits method to reconstruct petitioners' income for the years in issue.  After completing this analysis, respondent issued notices of deficiency to petitioners and determined for the years in issue that:  (1) KCW received unreported income of $121,857; (2) the Kaos received unreported income of $905,502; and (3) Kolyn received unreported income of $6,777,319, and this amount was taxable to both Kolyn and the Kaos.  Respondent has subsequently conceded that a $300,000 deposit into Cheng and Susan Kao's checking account, as well as funds deposited into two other accounts at World Savings and Loan, are not taxable to the Kaos.

OPINION

- 5 -

## I. Unreported Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  Every taxpayer is required to maintain adequate records of taxable income.  Sec. 6001.  If a taxpayer fails to maintain such records, the Commissioner may reconstruct income in accordance with a method that clearly reflects the full amount of income received.  Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965).

Respondent used the bank deposits method to reconstruct petitioners' income for the years in issue.  Bank deposits are prima facie evidence of income, Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and under the bank deposits method, all money deposited into a taxpayer's bank account during a given period is assumed to be taxable income, DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  Respondent's determinations are presumed to be correct, and petitioners bear the burden of proving that respondent's bank deposits analysis is erroneous.  Rule 142(a); Parks v. Commissioner, 94 T.C. 654, 658 (1990).

Petitioners contend that the funds deposited into their accounts are not taxable income.  Their contentions are based primarily on the testimony of Dr. Kao, Ms. Tu, and Jin Cheng Kao (Dr. Kao's uncle).  Their testimony, however, was vague, evasive, and otherwise unpersuasive.  Petitioners, in an attempt to corroborate this testimony, presented dubious documentation,

including notes, letters, and records prepared by Dr. Kao or Ms. Tu.  Some of the documents are not reliable and do not contain any credible indicia of contemporaneous communications (e.g., postmark dates).  Other documents either do not support petitioners' contentions (e.g., bank records do not establish the source of funds) or, in some cases, contradict petitioners' testimony (e.g., bank records indicate that Dr. Kao transferred funds from overseas to Kolyn, while he testified to the contrary).  In short, petitioners have failed to meet their burden of proof.

We disagree with respondent, however, with respect to $6,777,319 attributed to the Kaos based on a bank deposits analysis of Kolyn's accounts.  Respondent's bank deposits analysis of Kolyn's accounts is not persuasive evidence of the Kaos' receipt of income.  Respondent has not provided substantive evidence or a plausible theory to establish that the Kaos received these funds.  As a result, we reject respondent's determination that $6,777,319 deposited into Kolyn's accounts is taxable to the Kaos.  Cf. Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977) (holding that the Commissioner's determination was arbitrary and erroneous, because the Commissioner did not provide "substantive evidence" linking the taxpayer with the receipt of income).

II.  Additions to Tax and Accuracy-Related Penalties

For the 1988 tax year, respondent determined that petitioners, pursuant to sections 6653(a)(1) and 6661, were liable for additions to tax for negligence and substantial understatements.  For the 1989 through 1991 tax years, respondent determined that petitioners, pursuant to section 6662(a), were liable for accuracy-related penalties based on either negligence or substantial understatements.  As with the deficiencies, petitioners bear the burden of proving that these determinations are erroneous.  See Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

A.  Additions to Tax for Negligence

Section 6653(a)(1), applicable to petitioners' 1988 tax year, provides that if any part of any underpayment of tax required to be shown on a return is due to negligence, there shall be added to the tax an amount equal to 5 percent of the underpayment.  The term "negligence" is defined as the failure to exercise the care that a reasonable and ordinarily prudent person would exercise under the circumstances.  Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Petitioners offered no plausible explanation for their failure to report significant amounts of income.  As a result, we conclude that they are liable for the section 6653(a) additions to tax.

B.  Additions to Tax for Substantial Understatement

Section 6661(a), applicable to petitioners' 1988 tax year, provides for an addition to tax in the amount of 25 percent of the amount of any underpayment attributable to a substantial understatement. The amount of the understatement generally is reduced by the portion of the understatement attributable to (1) the tax treatment of an item if there was substantial authority for such treatment, or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2)(B). The requirements of adequate disclosure can be satisfied by providing, on the return, information sufficient to enable the Commissioner to identify the potential controversy involved. Schirmer v. Commissioner, 89 T.C. 277, 285-286 (1987).

Kolyn's 1988 return reported, on Schedule L, increases in Kolyn's long-term liabilities. Petitioners contend that this information adequately disclosed the funds Kolyn received. We conclude that the mere disclosure of an increase in long-term liabilities was insufficient to enable respondent to identify the potential controversy (i.e., whether petitioners failed to report income). Accordingly, petitioners are liable for the section 6661(a) additions to tax.

C. Accuracy-Related Penalties

Section 6662(a), applicable to petitioners' 1989 through 1991 tax years, imposes an accuracy-related penalty in an amount equal to 20 percent of the portion of any underpayment to which

the section applies.  The section applies to, among other items, the portion of an underpayment attributable to (1) negligence or disregard of rules or regulations, or (2) any substantial understatement of income tax.  Sec. 6662(b).  Negligence includes the failure to make any reasonable attempt to comply with the Internal Revenue Code.  Sec. 6662(c).  No penalty may be imposed on any portion of an underpayment that is attributable to negligence if the position is adequately disclosed, the position is not "frivolous", and the taxpayer has adequate books and records and has substantiated items properly.  Sec. 1.6662-3(c), Income Tax Regs.  A "frivolous" position is one that is "patently improper."  Sec. 1.6662-3(b)(3), Income Tax Regs.

Petitioners offered no plausible explanation for their failure to report significant amounts of income.  While the Kaos and Kolyn disclosed, on Forms 8275, that Kolyn received $790,000 in 1991, they failed to produce adequate books and records and to substantiate items properly.  As a result, we sustain respondent's determinations on this issue.

We have considered all other arguments made by the parties and found them to be either irrelevant or without merit.

To reflect the foregoing,

Decisions will be entered under Rule 155.