T.C. Summary Opinion 2006-94


UNITED STATES TAX COURT


RICHARD A. AND ELAINE C. MURRAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14369-04S.                    Filed June 20, 2006.


Richard A. Murray, pro se.

<u>Angelique M. Neal</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $6,493 in petitioners' 2001 Federal income tax. Prior to trial, the parties resolved all the adjustments listed in the notice of deficiency; therefore, the underlying deficiency is not at issue. The sole issue for decision is whether the issuance of the notice of deficiency to petitioners was valid.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was North Hills, California.

Mr. Murray worked as a computer analyst for Litton Industries for 25 years. He was laid off in 2003 and has since been receiving retirement income. Mr. Murray previously prepared his own income tax return; however, sometime in the late nineties, due to confusion over the alternative minimum tax, petitioners began using a return preparer. The return preparer, Peter Chavez, was referred to petitioners by their daughter's boyfriend. Mr. Chavez conducted a tax return preparation business called Tax Care For Less in Burbank, California. He prepared petitioners' 2001 Federal income tax return, as well as the returns of petitioners' two daughters, one of the daughter's boyfriend, and multiple friends of petitioners.

On their 2001 Federal income tax return, the following disallowances and adjustments were agreed to as a result of an audit of petitioners' return by respondent.

|  | Claimed on return | Agreed to by parties |
|---|---|---|
| Schedule A deductions |  |  |
| Medical expenses | $ 7,894 | $ -0- |
| State and local taxes | 11,633 | 1,759 |
| Personal property taxes | 1,499 | 246 |
| Charitable contributions | 9,946 | 3,625 |
| Unreimbursed employee expenses | 2,584 | 518 |
| Subscriptions | 854 | -0- |
| Maintenance repairs | 1,987 | -0- |
| Gambling losses | 2,307 | 2,307 |
| Education credit | 2,200 | -0- |

Petitioners testified that they, and their family and friends, were audited only after an employee of their return preparer reported him to the IRS. This employee purportedly knew that Mr. Chavez was preparing returns fraudulently and allowing taxpayers to claim deductions that were either inflated or imaginary. The employee demanded $50,000 to keep quiet, and, when Mr. Chavez refused to pay, the employee reported his actions to the IRS. Petitioners believe that, because of the tip to the IRS, anyone who made more than $40,000 and had a return prepared at Tax Care For Less was audited by the IRS. Because the IRS "used blackmail as a source of their information", petitioners contend that the audit of their 2001 Federal income tax return was improper.

Generally, the Court will not look behind the notice of deficiency to review the information used or the Commissioner's motives or procedure involved in making a determination. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 327-328 (1974). However, if the taxpayer establishes that the deficiency notice is arbitrary or without foundation, the burden of going forward with the evidence shifts to the Commissioner. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984).

Although Mr. Murray testified at length as to why he believed the IRS began investigating Mr. Chavez, he offered no independent evidence of that at trial. Petitioners introduced several letters written by petitioners to the Department of Justice, the IRS criminal investigation chief, and the Attorney General. The letters discuss petitioners' belief that an employee of Mr. Chavez reported him to the IRS after he failed to answer her demand for "hush money". Petitioners, however, do not name this female employee in any of their letters, nor could they recall her name at trial. Furthermore, petitioners could offer no witnesses to verify their allegation. They were not approached by this employee and refused to reveal at trial how they learned of the attempted blackmail of Mr. Chavez. When challenged regarding the validity of their claims, Mr. Murray could only say: "I know it's true. I just know".

At trial, Mr. Murray eventually resorted to quoting the Fourth Amendment and demanding that the Court force respondent to "reveal his sources" and admit the IRS "is shielding and protecting and encouraging people to be blackmailers". Petitioners went as far as to allege that "the IRS is probably paying off the blackmailer * * * the IRS is guilty of obstruction of justice because they're harboring a blackmailer".

The Court declines to attach any validity to petitioners' allegations insofar as this case is concerned. Petitioners conceded most of respondent's disallowances and agreed to adjustments on the remaining items. That fact indicates that respondent had an appropriate reason to make the determination reflected in the notice of deficiency. Whether the IRS received a "tip" about Mr. Chavez's fraudulent practice is immaterial in this proceeding. Adjustments were made to petitioners' return, and the fact that petitioners conceded these adjustments gives credence to the audit.

Inasmuch as petitioners have not shown that respondent's deficiency determination was arbitrary or erroneous, or that the determination was not supported by the proper foundation, it is inappropriate for this Court to look behind the deficiency notice to examine the basis for, or reasons behind, respondent's determination. Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), revg. 67 T.C. 672 (1977); DeBoer v.

Commissioner, T.C. Memo. 1996-174.  The notice of deficiency,

therefore, is valid, and respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case

Division.


Decision will be entered

for respondent.