T.C. Memo. 1999-402

UNITED STATES TAX COURT

ESTATE OF BETTY BODWELL, DECEASED, RONALD L. BODWELL, SPECIAL
ADMINISTRATOR, AND RONALD L. BODWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19637-95.                  Filed December 13, 1999.

Ronald L. Bodwell, pro se.

<u>Paul K. Voelker</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  By notices of deficiency, respondent
determined deficiencies in and additions to petitioner Ronald L.
Bodwell's Federal income taxes for the years 1982 through 1994 as
follows:

#### Ronald L. Bodwell (Petitioner)

| Year | Deficiency | Additions to tax | |
|------|------------|------------------|--------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1982 | $21,266 | $5,121.75 | $1,988.90 |
| 1983 | 22,430 | 5,607.50 | 1,372.55 |
| 1984 | 23,986 | 5,996.50 | 1,508.01 |
| 1985 | 24,944 | 6,236.00 | 1,429.38 |
| 1986 | 26,371 | 6,592.75 | 1,275.91 |
| 1987 | 24,040 | 6,010.00 | 1,290.49 |
| 1988 | 22,607 | 5,651.75 | 1,454.16 |
| 1989 | 23,598 | 5,899.50 | 1,595.89 |
| 1990 | 24,599 | 6,149.75 | 1,610.56 |
| 1991 | 25,633 | 6,408.25 | 1,464.94 |
| 1992 | 26,934 | 6,733.50 | 1,174.72 |
| 1993 | 28,229 | 7,057.25 | 1,182.78 |
| 1994 | 29,680 | 7,420.00 | 1,540.15 |

By separate notices of deficiency, respondent determined deficiencies in and additions to the Federal income taxes due from the estate of Betty Bodwell for the years 1982 through 1994 as follows:

#### Betty Bodwell (Mrs. Bodwell)

| Year | Deficiency | Additions to tax | |
|------|------------|------------------|--------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1982 | $6,224 | $1,556.00 | $605.94 |
| 1983 | 6,637 | 1,659.25 | 406.14 |
| 1984 | 6,929 | 1,732.25 | 435.65 |
| 1985 | 7,115 | 1,778.75 | 407.74 |
| 1986 | 7,444 | 1,861.00 | 360.19 |
| 1987 | 6,651 | 1,662.75 | 357.03 |
| 1988 | 6,137 | 1,534.25 | 394.75 |
| 1989 | 6,353 | 1,588.25 | 429.63 |
| 1990 | 6,606 | 1,651.50 | 432.50 |
| 1991 | 6,925 | 1,731.25 | 395.79 |
| 1992 | 7,298 | 1,824.50 | 318.30 |
| 1993 | 7,647 | 1,911.75 | 320.41 |
| 1994 | 6,007 | 1,201.40 | 311.67 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise

indicated.  References to petitioners include both Mr. and Mrs. Bodwell.[1]

After concessions,[2] the issues for decision are:  (1) Whether petitioners had unreported income from painting services for the taxable years 1989 through 1994.  We hold they did.  (2) Whether petitioner incurred self-employment tax for the taxable years 1989 through 1994.  We hold he did.  (3) Whether petitioners are liable for additions to tax under section 6651(a) for failure to timely file their tax returns for the taxable years 1989 through 1994.  We hold they are liable.  (4) Whether petitioners are liable for additions to tax under section 6654 for failure to pay estimated tax for the taxable years 1989 through 1994.  We hold they are liable.

---

[1]Mrs. Bodwell died on October 25, 1994.  On Feb. 22, 1996, we ordered that Mr. Bodwell, "the surviving spouse of Betty Bodwell, Deceased, is appointed special administrator of the estate of Betty Bodwell, solely for the purpose of maintaining the present proceeding as to the estate of Betty Bodwell, Deceased."

[2]This case originally involved determined deficiencies in income tax for the years 1982 to 1994, inclusive, totaling $412,290 and additions to the tax under Secs. 6651(a) and 6654 totaling $102,577.40 and $24,064.18, respectively.  By order dated Mar. 4, 1998, we concluded that respondent's determinations of income set forth in the notices of deficiency were arbitrary, and shifted the burden of proof as to income to respondent.  At trial, respondent presented evidence as to petitioners' income only for the years 1989 through 1994.  Respondent provided no arguments on brief that petitioner is liable for tax for the years 1982 through 1988.  Accordingly, we treat the issue of petitioners' liability for tax from 1982 through 1988 as conceded by respondent.

## FINDINGS OF FACT

During 1989 through 1994, petitioner was engaged in business as a painting contractor, painting new and existing gasoline service stations. He did business under the name PAINT-SER LTD., and he performed the painting services himself. During the years 1989 through 1994, petitioner, d.b.a. PAINT-SER LTD., performed painting services for Shell Oil Co. (Shell), for which Shell paid him, as follows:

| Year | Amount |
|------|-----------|
| 1989 | $51,619.64 |
| 1990 | 84,832.88 |
| 1991 | 35,919.48 |
| 1992 | 63,163.81 |
| 1993 | 64,645.53 |
| 1994 | 46,162.61 |

During the years 1990 through 1994, petitioner, d.b.a. PAINT-SER LTD., performed painting services for Town and Country Contractors, Inc. (Town and Country), for which Town and Country paid him, as follows:

| Year | Amount |
|------|-----------|
| 1990 | $27,807.20 |
| 1991 | 49,442.09 |
| 1992 | 17,821.04 |
| 1993 | [1]230.64 |
| 1994 | 8,091.17 |

[1]On brief, respondent states that the amount of petitioners' income from Town and Country for 1993 is $203.64. However, respondent's schedules accompanying the brief indicate that petitioners' income is $230.64. After reviewing the record, it is apparent that the correct amount of income received from Town and Country by petitioners in 1993 is $230.64.

During the years 1989 through 1994, petitioner and Mrs. Bodwell resided in the State of California. They did not file income tax returns for the years 1989 through 1994. During these years, Mrs. Bodwell did not exercise any management or control over petitioner's business.

OPINION

## Issue 1. Unreported Income From Painting Services

### A. Burden of Proof

By order dated March 4, 1998, we ruled that respondent's determinations of petitioners' income were arbitrary because respondent had not offered any evidence or other basis to support the determination that petitioners received income. Thus, we held that respondent may not rely on the presumption that the determination is correct. See Palmer v. IRS, 116 F.3d 1309, 1312 (9th Cir. 1997); Weimerskirch v. Commissioner, 596 F.2d 358, 360-361 (9th Cir. 1979), revg. 67 T.C. 672 (1977). Accordingly, we ruled that respondent bears the burden of proving the amount of petitioners' income for the years in issue.

### B. Amount of Unreported Income

Respondent presented evidence at trial that petitioner, d.b.a. PAINT-SER LTD., performed painting services during the years 1989 through 1994 for Shell and Town and Country.

The manager of Federal income tax audits at Shell, Bruce Charles Fay (Mr. Fay), stated that petitioner's tax

identification number (TIN) was associated with two vendor accounts at Shell.  In addition, he provided extracts from Shell's accounting system which clearly displayed petitioner's TIN beside these two vendor accounts.  Further, these extracts showed that Shell paid the following amounts to petitioner for painting services:  $51,619.64 in 1989, $84,832.88 in 1990, $35,919.48 in 1991, $63,163.81 in 1992, $64,645.53 in 1993, and $46,162.61 in 1994.  Finally, a senior construction engineer at Shell responsible for construction of new service station and maintenance of other service stations, Raymond G. Newsome (Mr. Newsome), testified that he personally observed petitioner performing painting services for Shell during the years in issue.

The president of Town and Country, Robert Balian (Mr. Balian), also testified on behalf of respondent.  Mr. Balian identified invoices sent to Town and Country by PAINT-SER LTD., and copies of checks sent to PAINT-SER LTD. for payment of those invoices.  The PAINT-SER LTD. invoices represented charges for materials and labor related to painting new and old service stations for Town and Country.  Mr. Balian also testified that PAINT-SER LTD. and petitioner were one and the same.  On the basis of the record, we find that Town and Country paid petitioner, d.b.a. PAINT-SER LTD., $27,807.20 in 1990, $49,442.09 in 1991, $17,821.04 in 1992, $230.64 in 1993, and $8,091.17 in 1994 for painting services.

Petitioners presented no evidence or argument on brief contesting these facts.[3] When this case was called for trial there was no appearance by or on behalf of petitioners; however, respondent went forward with the evidence. At the close of the trial, respondent moved to have his answer amended to conform to the proof. This Court granted respondent's oral motion. The amended answer asks this Court to find that petitioners had total income of $51,619.64 in 1989, $112,640.08 in 1990, $85,361.57 in

---

[3]This matter has a long procedural history. In their petition filed Sept. 29, 1995, petitioners made standard frivolous arguments. On Nov. 15, 1995, we ordered petitioners to amend their petition. On Dec. 4, 1995, petitioners filed an amended petition again making standard frivolous tax-protester arguments. On Mar. 5, 1996, we ordered petitioners to file a second amended petition stating:

> petitioners have failed to satisfy the requirements of Rule 34(b). The best that can be said of both the petition and amended petition is that petitioners have assigned error in respect of respondent's determinations. However, neither the petition nor the amended petition includes any statement of the facts on which petitioners base the assignments of error. * * * [Fn. ref. omitted.]

Petitioners filed a second amended petition that continued to assert frivolous tax-protester arguments. Accordingly, on May 28, 1996, we ordered that, except for matters dealing with the burden of proof in the second amended petition, "the petition, amended petition, and second amended petition will be stricken in their entirety".

This is the second trial of this case. On May 5, 1997, we held the first trial. On Mar. 4, 1998, we ordered that the record from the first trial, including the petitioner's answering brief, "will not be considered in deciding the merits of the case unless and to the extent that the parties so stipulate". There have been no stipulations to this effect.

1991, $80,984.85 in 1992, $64,876.17 in 1993, and $54,253.78 in 1994. Accordingly, on the basis of the record, we hold that Mr. Bodwell earned total income for painting services from both Shell and Town and Country as follows: $51,619.64 in 1989, $112,640.08 in 1990, $85,361.57 in 1991, $80,984.85 in 1992, $64,876.17 in 1993, and $54,253.78 in 1994.

### C. Community Property

During the years in issue, petitioner and Mrs. Bodwell resided in California, a community property State. Married persons who reside in a community property State are generally each required to report one-half of their community income for Federal income tax purposes. See United States v. Mitchell, 403 U.S. 190 (1971); Drummer v. Commissioner, T.C. Memo. 1994-214, affd. without published opinion 68 F.3d 472 (5th Cir. 1995). Therefore, the income earned by petitioner for painting services must be divided equally between petitioners during the years in issue.

### D. Deductions

Where taxpayers have trade or business income, they ordinarily have business and other deductions. Deductions are strictly a matter of legislative grace; however, petitioners bear the burden of providing evidence to substantiate the claimed deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer must keep sufficient records to

establish their amount. See sec. 6001. Except in the case of expenses subject to section 274, if the taxpayer's records are inadequate or there are no records, we may still allow a deduction based on a reasonable estimate. See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the taxpayer must present evidence sufficient to provide some rational basis upon which estimates of deductible expenses may be made. See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). In this case, petitioners provided no evidence at trial or argument on brief that they are entitled to deductions from their income. Accordingly, we cannot estimate petitioners' deductions under the <u>Cohan</u> rule.

<u>Issue 2. Self-Employment Tax</u>

On brief, respondent contends that petitioner "is liable for self-employment tax on all of the income he earned." Section 1401 imposes a tax on the self-employment income of every individual. An individual's self-employment income depends on his "net earnings from self-employment". Sec. 1402(b). In relevant part, the term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual less allowable deductions attributable to such trade or business. See sec. 1402(a).

Under section 1402(a)(5), where the income from a trade or business is community income, as in this case, all the gross

income and deductions attributable to such trade or business shall be treated, for purposes of self-employment tax, as the gross income and deductions of the husband, unless the wife exercises substantially all of the management and control of such trade or business, in which case all such gross income and deductions shall be treated as hers. Accordingly, under section 1401, the spouse deemed to have management and control of the business activity is subject to self-employment tax, and the tax is computed on the total gross income less the total deductions of the business, notwithstanding the attribution of one-half of the income to the other spouse for income tax purposes.

It is uncontested that petitioner, d.b.a. PAINT-SER LTD., managed and controlled the performance of the painting services associated with PAINT-SER LTD. On the basis of the record and sections 1401 and 1402(a)(5), we find that all the self-employment tax liability for the years 1989 through 1994 is attributable to the business managed and controlled by petitioner, and that he is liable for self-employment tax during the years in issue on the income earned from these services.

Issue 3. Failure To File Timely Tax Return or To Pay Tax

Respondent determined that the addition to tax for failure to file timely a tax return was applicable for each of the years in issue. It is uncontested that petitioners did not file tax returns for any of the years in issue. An income tax return must

be filed by all individuals receiving gross income in excess of certain minimum amounts. See sec. 6012; sec. 1.6012-1(a), Income Tax Regs. For the years 1989 through 1994, petitioners' gross income, as defined in section 61(a), was well in excess of the minimum amounts specified in section 6012. Therefore, petitioners were required to file Federal income tax returns for the years 1989 through 1994. See secs. 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1(a), Income Tax Regs.

Section 6651(a) imposes an addition to tax for failure to file timely a return, unless the taxpayer establishes: (1) The failure did not result from willful neglect, and (2) the failure was due to reasonable cause. See United States v. Boyle, 469 U.S. 241, 245-246 (1985). Petitioners bear the burden of proof on this issue. See Rule 142(a); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioners failed to prove reasonable cause for their failure to file. Accordingly, petitioners are liable for additions to tax for failure to file returns under section 6651(a) for the years 1989 through 1994.

Issue 4. Failure To Pay Estimated Income Tax

Respondent determined that petitioners were liable for the addition to tax under section 6654(a) for failure to pay estimated tax for the years 1989 through 1994. Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the

percentage of total liability required under the statute,
imposition of the addition to tax under section 6654(a) is
automatic, unless petitioners show that one of the statutory
exceptions applies.  See <u>Niedringhaus v. Commissioner</u>, 99 T.C.
202, 222 (1992); <u>Habersham-Bey v. Commissioner</u>, 78 T.C. 304, 319-
320 (1982); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21
(1980).  Petitioners have provided no evidence that any of these
exceptions apply.  Therefore, we sustain respondent on this
issue.  The correct amounts of underpayment and additions to tax
under sections 6651(a) and 6654 will be determined under Rule
155.

    To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.