**Paul DANIEL, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 06–71501.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Paul Daniel, Tempe, AZ, pro se.

Robert R. DiTrolio, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Regina S. Moriarty, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Paul Daniel appeals pro se from the Tax Court's decision in favor of the Commissioner of Internal Revenue ("Commissioner") in Daniel's action contesting an unreported income determination for tax year 2002. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Tax Court's conclusions of law, *Hardy v. Commissioner*, 181 F.3d 1002, 1004 (9th Cir.1999), and review for clear error its determination that a taxpayer received unreported income, *Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir. 1979). We affirm.

The Tax Court did not err by according a presumption of correctness to the Commissioner's determination that Daniel received unreported income based on the Forms 1099 provided by K.W. Tunnel Company and the State of California, and Daniel failed to rebut this presumption with evidence showing an error in the unreported income assessed. *See Hardy*, 181 F.3d at 1004–05 (shifting to taxpayer the burden of showing unreported income determination was erroneous after the Commissioner presents substantive evidence of unreported income); *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992) (upholding the use of official, computer-generated IRS forms in a deficiency determination).

Daniel's remaining contentions are unpersuasive.

**AFFIRMED.**