T.C. Summary Opinion 2012-18

UNITED STATES TAX COURT

JOSE MARTIGNON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7249-10S.                    Filed March 1, 2012.

Jose Martignon, pro se.

<u>Melanie E. Senick</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code (Code) in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,638 deficiency in petitioner's 2007 Federal

income tax and a $1,128 accuracy-related penalty under section 6662(a).  The issues

for decision are:  (1) whether petitioner's distributive share of income from Café

Savannah, LLC[2] (Café Savannah), is includible in his gross income for 2007; and

(2) whether petitioner is liable for the section 6662 accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  The stipulation of

facts and the attached exhibits are incorporated herein by this reference.  Petitioner

resided in Anchorage, Alaska, when the petition was filed.

In 2003 petitioner and Alejandro Vargas opened Café Savannah, a restaurant.

Petitioner held a 40% interest in Café Savannah, and Mr. Vargas held a 60%

---

[1]  Unless otherwise indicated, all section references are to the Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioner and his business partner organized Café Savannah as a limited liability company.  For Federal tax purposes, a limited liability company with more than one member generally is treated as a partnership unless the limited liability company elects to be treated as a corporation.  See sec. 301.7701-3(b)(i), Proced. & Admin. Regs.

interest. Mr. Vargas controlled the restaurant's finances, and petitioner focused on the operation of the restaurant, helping with everything from waiting tables to cooking. Before opening Café Savannah, petitioner worked as the general manager of Sacks Restaurant, and he continued working at Sacks Restaurant full time while also working at Café Savannah.

The partnership between petitioner and Mr. Vargas deteriorated shortly after they opened Café Savannah.[3] In March 2008 Mr. Vargas shut petitioner out of the business. Mr. Vargas changed the locks, refused to communicate with petitioner, and ignored petitioner's request for the restaurant's records. After Mr. Vargas shut him out of the business, petitioner contacted an attorney to resolve the dispute and gain access to the partnership's records but was unsuccessful.[4]

Carla Bassler, a certified public accountant, prepared Café Savannah's Form 1065, U.S. Return of Partnership Income, and Schedules K-1, Partner's Share of

---

[3] Petitioner cites Mr. Vargas' alleged drinking problem, failure to invest in the restaurant as promised, and aggressive manner with employees and petitioner as the causes of the restaurant's problems.

[4] Petitioner eventually gained access to the partnership's records in 2011. Around April 2011 petitioner filed a complaint in the District Court for the State of Alaska against Mr. Vargas alleging breach of contract, violation of Alaska Stat. sec. 10.50.870 (2010) (inspection of records provision of Alaska's limited liability company act), and breach of fiduciary duty and claim for accounting.

Income, Deductions, Credits, etc., for 2007.[5] Ms. Bassler prepared the Form 1065 on the basis of the information and records Mr. Vargas provided.[6] Café Savannah reported $56,361 of income on its Form 1065 for 2007. In spring 2008 petitioner received a Schedule K-1 reporting $22,544 as his distributive share of Café Savannah's income. Petitioner was surprised to learn Café Savannah had earned a profit for 2007 because the restaurant had reported a loss every prior year and he had not received any distributions from the partnership. Petitioner had his 2007 tax return prepared by an accountant. Petitioner's accountant listed Café Savannah as a partnership in which petitioner held an interest on the Schedule E, Supplemental Income and Loss, attached to petitioner's Form 1040, U.S. Individual Income Tax Return, but did not report on the Schedule E any of the $22,544 reported on petitioner's Schedule K-1.

---

[5] Ms. Bassler had been the accountant for Café Savannah since it opened.

[6] The records included bank statements, credit card statements, loan statements, and cash receipts.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[7]

In an unreported income case appealable to the Court of Appeals for the Ninth Circuit, such as this one, the presumption of correctness does not attach unless the Commissioner first establishes some evidentiary foundation linking the taxpayer with the alleged income-producing activity. See Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); Rodriguez v. Commissioner, T.C. Memo. 2009-92. If respondent meets his burden of connecting petitioner with the unreported income determined in the statutory notice of deficiency, the burden then shifts to petitioner to prove that respondent's determination is erroneous. See George v. Commissioner, T.C. Memo. 2002-163. Respondent has established a sufficient evidentiary foundation linking petitioner with the income-producing activity by showing that petitioner held a 40% interest in

---

[7] Petitioner has neither claimed nor shown that he satisfied the requirements of sec. 7491(a) to shift the burden of proof to respondent with regard to any factual issue affecting the deficiency in his tax.

Café Savannah in 2007. Thus, respondent's determination of unreported income is entitled to the presumption of correctness.

II. Distributive Share of Partnership Income

Section 701 provides: "A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities." In determining his income tax, each partner must separately include his distributive share of the partnership's taxable income or loss. Sec. 702(a)(8). As a general rule, a partner's distributive share of income, gain, loss, deduction, or credit is determined by the partnership agreement. Sec. 704(a).

Section 1.702-1(a), Income Tax Regs., provides: "Each partner is required to take into account separately in his return his distributive share, whether or not distributed, of each class or item of partnership income". (Emphasis added.) "Few principles of partnership taxation are more firmly established than that no matter the reason for nondistribution each partner must pay taxes on his distributive share." United States v. Basye, 410 U.S. 441, 454 (1973). "The tax is thus imposed upon the partner's proportionate share of the net income of the partnership, and the fact that it may not be currently distributable, whether by agreement of the parties or operation of law, is not material." Heiner v. Mellon, 304 U.S. 271, 281 (1938); see

also <u>Chama v. Commissioner</u>, T.C. Memo. 2001-253 (holding that a partner was taxable on his share of partnership gain even though not distributed to him but instead reinvested by the partnership); <u>Johnston v. Commissioner</u>, T.C. Memo. 1984-374 (holding that each partner is taxed on his distributive share of partnership income without regard to whether the amount is actually distributed to him).

The fact that petitioner did not receive any distribution from the partnership because of Mr. Vargas' alleged wrongdoing does not change the general rule that a partner is taxed on his distributive share, whether or not received. <u>See</u> <u>Stoumen v. Commissioner</u>, 208 F.2d 903, 907-908 (3d Cir. 1953) (holding that the taxpayer's distributive share of partnership income was taxable to him in the year of realization by the partnership, despite the fact that (1) his partner had embezzled funds which did not appear in the partnership books and (2) the taxpayer was unaware of the existence of the funds and never received any of them), <u>aff'g</u> a Memorandum Opinion of this Court dated March 13, 1953. Thus, petitioner must include his distributive share of Café Savannah's income in his gross income.

III. <u>Accuracy-Related Penalty</u>

Respondent determined that petitioner is liable for a section 6662(a) accuracy-related penalty for 2007. Pursuant to section 6662(a) and (b)(2), a

taxpayer may be liable for a penalty of 20% of the portion of an underpayment of tax attributable to a substantial understatement of income tax. An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax exists if the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1)(A). The burden of production is on respondent to produce evidence that it is appropriate to impose the relevant penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Because we have sustained respondent's adjustment, the amount of tax required to be shown on petitioner's 2007 return is $14,218. Petitioner reported total tax of $8,580 for 2007. Accordingly, petitioner understated his 2007 tax liability by $5,638. Petitioner's understatement constitutes a "substantial understatement" of income tax because it exceeded the greater of (1) 10% of the tax required to be shown on the return for the taxable year, or (2) $5,000. Respondent has therefore met his burden of production.

The accuracy-related penalty does not apply with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and

that the taxpayer acted in good faith with respect to such portion. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess his or her proper tax liability. See id. After receiving the Schedule K-1 that he believed was incorrect, petitioner made several attempts to contact Mr. Vargas and to access the partnership's records. Petitioner even sought counsel in an attempt to resolve the dispute with Mr. Vargas and gain access to the partnership's records. Additionally, petitioner had his tax return prepared by an accountant in a good-faith attempt to properly assess his proper tax liability. We find that petitioner made a significant effort to assess his proper tax liability. See id. On the facts and circumstances, we find that petitioner had reasonable cause and acted in good faith.

To reflect the foregoing,

Decision will be entered for respondent with respect to the deficiency in income tax and for petitioner with respect to the accuracy-related penalty under section 6662(a).