T.C. Memo. 2014-84

UNITED STATES TAX COURT

GEORGE R. BRISTOL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29618-12.                    Filed May 12, 2014.

George R. Bristol, pro se.

<u>Christopher M. Groboske</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision, relating to 2009

and 2010 (years in issue), are whether petitioner is liable for income tax

[*2] deficiencies and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654.[1]

## FINDINGS OF FACT

During the years in issue, petitioner operated Bay Area Bee Busters, a bee and wasp removal business. Petitioner did not file Federal income tax returns or pay taxes relating to these years. Respondent analyzed petitioner's bank account and, using the bank deposits method, determined that petitioner received $44 in taxable interest relating to 2010 and had gross receipts of $328,404 and $416,900 relating to 2009 and 2010, respectively. Respondent prepared substitutes for returns and, on September 5, 2012, sent petitioner a notice of deficiency determining deficiencies of $108,772 and $139,948 relating to 2009 and 2010, respectively. In addition, respondent determined that petitioner was liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654. On December 10, 2012, petitioner, while residing in California, timely filed a petition with the Court.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect relating to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]                                    OPINION

Respondent was entitled to use the bank deposits method to reconstruct petitioner's income. See sec. 446(b); Clayton v. Commissioner, 102 T.C. 632, 645 (1994). Respondent established, and petitioner did not dispute, that petitioner received $44 in taxable interest during 2010 and had gross receipts of $328,404 and $416,900 relating to 2009 and 2010, respectively. See sec. 61(a); Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). Petitioner contends that he was entitled to deduct business expenses relating to the years in issue. He did not, however, maintain sufficient records and did not present sufficient evidence at trial to substantiate such deductions.[2] See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner did not contest the section 6651(a)(1) and (2) and 6654 additions to tax. Subject to adjustment to reflect respondent's concessions, we sustain respondent's determinations. See Rule 34(b)(4); Swain v. Commissioner, 118 T.C. 358, 362-365 (2002).

---

[2]Pursuant to sec. 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue. This section is inapplicable because petitioner failed to maintain records and substantiate deductions. See sec. 7491(a)(1) and (2).

**[\*4]**   Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.