# United States Tax Court

T.C. Summary Opinion 2024-18

JONATHAN CHANG AND WEI-LIN CHANG,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 6161-22S.                    Filed September 16, 2024.

————

Jonathan Chang and Wei-Lin Chang, pro sese.

*Matthew P. Crouch*, for respondent.


SUMMARY OPINION

PANUTHOS, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a Notice of Deficiency dated December 8, 2021, respondent determined a deficiency in federal income tax of $11,380 and a section 6662(a) accuracy-related penalty of $2,256 for taxable year 2019 (year in issue).

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issues for decision are:

(1) whether petitioners are entitled to deduct legal and professional expenses on Schedule C, Profit or Loss From Business; and

(2) whether petitioners failed to report income of $410 for the year in issue.

*Background*

Some of the facts have been stipulated and are so found. We incorporate the Stipulation of Facts as supplemented and the attached Exhibits by this reference. The record consists of the Stipulation of Facts as supplemented with attached Exhibits and the testimony of Jonathan Chang and Wei-Lin (Grace) Chang.

Petitioners resided in California when the Petition was timely filed.

I. *Petitioners' Activities*

Petitioners were members of Home of Christ 4 Church (HOC4) in Saratoga, California. Beginning in or around 2001 petitioner Jonathan Chang became an elder at HOC4 and took on financial responsibilities which included managing donations and donors. At the time, Mr. Chang worked at VIA Technologies, Inc., and served as a board director at S3 Graphics, Inc. (S3 Graphics). Both companies were under the same ownership group. Mr. Chang was a close friend of the owner of the companies.

Around 2004 Mr. Chang helped set up two entities. HOC Associates, Inc. (HOCA Inc.), was incorporated in 2004, for the purpose of "Christ-centered ministries, church purposes, [to] administer and support religious activities, seminary activities, evangelical missions and Christian services." Petitioners were appointed directors of HOCA Inc. on January 19, 2005. HOCA Inc. was granted tax-exempt status under section 501(c)(3).

HOC Associates, LLC (HOCA LLC), was formed in 2004 as a for-profit limited liability company and engaged in the business of "strategic

---

[2] Respondent concedes that petitioners are not liable for the section 6662(a) accuracy-related penalty for the year in issue.

planning and development," which included the acquisition of rental property and the receipt of rental income. Mr. Chang was the sole member of HOCA LLC. S3 Graphics lent HOCA LLC $3 million. HOCA LLC's offices were at Mr. Chang's home. Mr. Chang maintained the records of the business. Mr. Chang did not have a real estate license.

In 2006 HOCA LLC acquired a residential property at 2091 Clematis Court in Fremont, California. HOCA LLC collected rental income from the property for subsequent years.

At some time during the year in issue, "MFR REMEDIAION" (MFR) issued to petitioner and filed with the Internal Revenue Service (IRS) a Form 1099–MISC, Miscellaneous Income, reporting $410 in other income for the year in issue.

II. *Criminal Case*

On February 4, 2016, Mr. Chang was indicted and charged with multiple counts including conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, and money laundering.[3] The charges involved transactions to and from HOCA Inc., HOCA LLC, and Mr. Chang's personal account.[4] Upon the conclusion of trial in September 2019, the jury found Mr. Chang guilty of four counts of wire fraud and three counts of money laundering.

Beginning in 2016, Mr. Chang retained legal representation to assist him in the criminal case. During the year in issue petitioners incurred legal expenses of $365,735. This included attorney fees, expert witness fees, translator fees, and other miscellaneous expenses. The fees were paid from petitioners' personal account, not from the HOCA Inc. account or HOCA LLC account.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for the year in issue. Petitioners reported on HOCA LLC's Schedule C, total legal and professional services expenses of $367,429

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, we take judicial notice of certain filings in petitioner Jonathan Chang's criminal case. *See United States v. Chang*, No. 16-CR-00047 (N.D. Cal. filed Feb. 4, 2016). The Court provided the parties with an opportunity to object to the taking of judicial notice. No objection was filed.

[4] The criminal charges against Mr. Chang involve both HOCA Inc. and HOCA LLC. The issue before us only involves HOCA LLC.

for the year in issue. The return did not include any amounts reported on the MFR Form 1099–MISC that was filed with the IRS.

On December 8, 2021, respondent issued a notice of deficiency and disallowed all of the reported legal and professional expenses for the year in issue.

*Discussion*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[5] Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. *See* Rule 142(a); *Deputy v. du Pont*, 308 U.S. 488, 493 (1940); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

I. *Section 162 Generally*

Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. An ordinary and necessary expense is one which is appropriate and helpful to the taxpayer's business and results from an activity that is common and accepted practice in the business. *Amdahl Corp. & Consol. Subs. v. Commissioner*, 108 T.C. 507, 523 (1997); *Blossom Day Care Ctrs., Inc. v. Commissioner*, T.C. Memo. 2021-87, at *36. "Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business . . . ." Treas. Reg. § 1.162-1(a). A taxpayer claiming a deduction must show that a reported business expense was incurred primarily for business rather than personal reasons and that there was a proximate relationship between the expense and the business. *Walliser v. Commissioner*, 72 T.C. 433, 437 (1979); *Rogers v. Commissioner*, T.C. Memo. 2014-141, at *18. No deduction is allowed for personal, living, or family expenses. § 262(a). Whether a payment qualifies for a deduction under section 162(a) is a factual issue which must be decided on the basis of all relevant facts and

---

[5] Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners have neither alleged that section 7491(a) applies nor established compliance with its requirements. Petitioners therefore bear the burden of proof.

circumstances. *See Commissioner v. Heininger*, 320 U.S. 467, 475 (1943).

There is no question that petitioners incurred $365,735 in legal expenses during the year in issue. Petitioners produced invoices and other documents that verify the legal expenses, and respondent does not dispute that petitioners paid those expenses.

The deductibility of legal fees also depends on the origin and character of the claim for which the expenses were incurred and whether the claim bears a sufficient nexus to the taxpayer's business or income producing activities. *See United States v. Gilmore*, 372 U.S. 39, 48–49 (1963). The Supreme Court has stated that "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test." *Id*. at 49. If the claim arises "in connection with the taxpayer's profit-seeking activities," the fees are deductible; if not, they are not deductible. *Id*. at 48. Public policy does not prohibit the deduction of legal fees relating to criminal activity so long as the legal fees are an ordinary and necessary expense of a trade or business. *Commissioner v. Tellier*, 383 U.S. 687, 694–95 (1966).

Petitioners maintain that the legal fees are a deductible business expense because they were incurred in the defense of a criminal case involving HOCA Inc. and HOCA LLC and their activities. Consequentially, petitioners contend that the legal fees were an ordinary and necessary expense to defend the HOCA entities in litigation. Mr. Chang testified that the business purpose of HOCA LLC was "strategic planning and development" which involved purchasing rental properties and receiving rental income, among other activities. Mr. Chang also testified and produced documents indicating that HOCA LLC, HOCA Inc., HOC4, and S3 Graphics were involved in various financial arrangements. These arrangements included purchasing real estate, collecting rental income, and paying interest on a loan.

Respondent asserts that HOCA LLC did not engage in a trade or business as demonstrated by the lack of gross receipts for the year in issue and therefore was not a legitimate business. He argues that petitioners are not entitled to deduct legal fees under section 162 as the legal fees did not have a proximate relationship to a trade or business. *See Walliser*, 72 T.C. at 437. Instead, respondent argues that the legal expenses were of a personal rather than a business nature. He asserts that the criminal charges are distinguishable from the business of

HOCA LLC as the charges arose from Mr. Chang's embezzlement of funds. While the funds acquired by Mr. Chang were deposited and used by HOCA LLC, respondent contends that HOCA LLC activities did not give rise to the criminal charges. Rather, respondent believes that Mr. Chang's personal activities in his role as an elder of the church originated the criminal charges.

Respondent also argues that the legal fees were personal because they were paid from petitioners' personal account rather than a business account. In response petitioners testified that their attorneys requested payment be made from a personal account and produced a retainer agreement that provides that the payments be made from sources that have no connection to the criminal charges. We are satisfied with petitioners' explanation.

Upon review of the criminal proceedings, there is some doubt as to whether HOCA LLC was a legitimate business. The criminal conviction supports allegations that Mr. Chang conspired and participated in wire fraud and money laundering. Those charges involve transactions that were made between the HOCA entities and Mr. Chang. Therefore, from the record, it appears that Mr. Chang's plans to commit wire fraud and money laundering in addition to those transactions between Mr. Chang and the HOCA entities gave rise to the claim originating the legal fees at issue. We conclude that the origin of petitioners' legal fees stem from Mr. Chang's business activities as the director of the HOCA entities. While those activities have some relevance to Mr. Chang's position as an elder, they were ultimately profit-seeking activities. *See Gilmore*, 372 U.S. at 48.

As indicated previously, although seemingly against public policy, legal fees relating to criminal activity may be deducted as an ordinary and necessary expense of a trade or business. *Commissioner v. Tellier*, 383 U.S. at 694–95. The Court concludes that at least part of Mr. Chang's business activities in HOCA LLC were to defraud donors and others for his personal financial benefit. Accordingly, petitioners are entitled to deduct legal and professional expenses for the year in issue.

II.    *Unreported Income*

In order for the presumption of correctness to attach to the deficiency determination in unreported income cases in the U.S. Court of Appeals for the Ninth Circuit, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-

producing activity or demonstrate that the taxpayer received unreported income. *Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977). Once the Commissioner introduces such evidence, the burden shifts to the taxpayer to show by a preponderance of the evidence that the determination was arbitrary or erroneous. *Klootwyk v. Commissioner*, T.C. Memo. 2006-130, slip op. at 4–5. Respondent provided a sworn Declaration of respondent's paralegal specialist assigned to the case. The Declaration attaches an account transcript indicating a Form 1099–MISC from "MFR REMEDIAION" reporting income of $410.

Gross income includes "all income from whatever source derived." § 61(a). Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable as income unless an exclusion applies. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955).

Petitioners do not deny receiving such income. At trial, Mr. Chang stated that he was not familiar with the income item but did not provide any further information. Petitioners have not carried their burden.

Accordingly, we will sustain respondent's determination with respect to petitioners' failure to report income.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*