# United States Tax Court

T.C. Memo. 2025-23

CHARLIE CAMPANA,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 15766-23.                          Filed March 19, 2025.

_____

Charlie Campana, pro se.

*Bianca L. Thomas* and *Daniel C. Munce*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, *Judge*: In a Notice of Deficiency dated August 28, 2023, the Internal Revenue Service (IRS or respondent) determined a deficiency of $18,064 in petitioner's 2021 federal income tax and an accuracy-related penalty of $3,238 under section 6662(a).[1] The issues remaining for decision are whether petitioner (1) received and failed to report interest income of $99; (2) received and failed to report a retirement distribution of $56,673; (3) is liable for a 10% additional tax of $5,667 pursuant to section 72(t); and (4) is liable for a section 6662(a) accuracy-related penalty of $3,238. We decide this case in favor of respondent on all issues.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                    FINDINGS OF FACT

At trial the parties stipulated a number of facts which are incorporated by this reference. Petitioner resided in Florida when he timely filed his Petition.

In 2021 petitioner and his family experienced financial stress because of the COVID–19 pandemic. He subsequently took a hardship withdrawal of $56,673 from his Fidelity Investments (Fidelity) retirement account. At the time of the withdrawal, he was under the age of 59-½. He also received $99 of interest income from the IRS in 2021.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2021. He reported $37,964 of taxable income. He did not report the $99 of interest income or the $56,673 retirement distribution. He similarly did not report the retirement distribution as being subject to the 10% additional tax. Nor did he report the $1,874 in tax withheld by Fidelity.

OPINION

I.    *Burden of Proof*

Generally, the Commissioner's determination of a deficiency is presumed correct. *See* Rule 142(a). In the case of unreported income, the presumption adheres only when there is "some evidentiary foundation linking the taxpayer to the alleged income-producing activity." *Blohm v. Commissioner*, 994 F.2d 1542, 1549 (11th Cir. 1993) (quoting *Weimerskirch v. Commissioner*, 596 F.2d 358, 362 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977)), *aff'g* T.C. Memo. 1991-636. Once the Commissioner lays the evidentiary foundation, the burden of proof shifts to the taxpayer. *See id.*

Respondent met his burden with respect to the unreported income by providing information returns linking petitioner to the income-producing activity. Petitioner does not dispute that he received interest income in 2021, nor does he dispute that he received distributions from his retirement account. *See* § 6201(d). The burden of proof, therefore, remains with petitioner.[2]

---

[2] We address the burden with respect to the accuracy-related penalty *infra* Part IV.

**[\*3]** II.     *Petitioner's Income*

The definition of "gross income" in section 61(a) expressly includes interest income. It also includes distributions from a qualified retirement plan for the year of the distribution under the provisions of section 72(t). §§ 61(a)(10), 408(d).

Petitioner concedes that he received the interest income and retirement distributions but contends that the IRS erroneously denied his claim for refund from the 2017 tax year and that this refund should be applied towards his tax liability for 2021. We previously ruled that we do not have jurisdiction over petitioner's 2017 tax year. *See* § 6213(a). Petitioner has not produced any Notice of Deficiency or other IRS determination with respect to the 2017 tax year that would give us jurisdiction to consider his refund claim. Our jurisdiction over refund claims generally is limited to cases in which a valid Notice of Deficiency exists for that year and a petition for redetermination of that deficiency has been filed. §§ 6213(a), 6512(b).

Because petitioner conceded that he received the interest income and retirement distribution, we sustain respondent's determination that those amounts are includible in his gross income for 2021.

III.     *Additional Tax on Early Retirement Plan Distributions*

Section 72(t)(1) imposes a 10% additional tax on early distributions from qualified retirement plans, including individual retirement accounts (IRAs). *See* § 4974(c). None of the several exceptions to this rule apply here, nor does petitioner argue they should. Because petitioner conceded that he received the distribution, and because no exception applies, we sustain respondent's determination that petitioner owes the additional tax under section 72(t)(1) for 2021.

IV.     *Section 6662(a) Penalty*

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the portion of an underpayment of tax required to be shown on a return that is attributable to a "substantial understatement of income tax." An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. § 6662(d)(1)(A). Respondent determined an understatement of tax of $18,064, exceeding 10% of the tax required to be shown on the return and $5,000. *See id.*

**[\*4]**   The Commissioner generally bears the burden of production with respect to a taxpayer's liability for accuracy-related penalties. § 7491(c). In particular the Commissioner must show that he complied with the procedural requirements of section 6751(b)(1) for the accuracy-related penalties imposed. § 7491(c). But penalties "automatically calculated through electronic means," such as the penalty at issue here, are excepted from the procedural requirements. § 6751(b)(2)(B). Because that exception applies here, we conclude that respondent has met his burden of production.

Once the Commissioner satisfies the burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect or that the taxpayer has an affirmative defense such as reasonable cause. *See* § 6664(c); Rule 142(a); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001).

We decide whether a taxpayer acted with reasonable cause and in good faith on a case-by-case basis, taking into account all pertinent facts and circumstances. *See* Treas. Reg. § 1.6664-4(b)(1). Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." *Id.* But our principal consideration "is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.*

Petitioner recognized that the retirement distribution was subject to the 10% additional tax under section 72(t)(1), but he incorrectly believed that Fidelity would withhold and remit the requisite amount. At trial he explained that he did not understand that the retirement distribution should be reported on his 2021 Form 1040.

Petitioner did not testify, nor do we see anything in the record to suggest, that he relied on a tax professional or even considered an information return (e.g., a Form 1099–R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued by Fidelity) to determine his tax liability. We acknowledge petitioner's misunderstanding of the applicable law, and we are sympathetic to his frustration regarding the IRS's denial of his tax year 2017 claim for refund. But neither is a ground for concluding that there was reasonable cause for his failure. We therefore sustain the penalty.

**[*5]**    To reflect the foregoing,

*Decision will be entered for respondent.*