T.C. Memo. 2021-47

UNITED STATES TAX COURT

JOSEF HAGHNAZARZADEH AND CATHERINE Y. HAGHNAZARZADEH,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27031-17.                          Filed April 29, 2021.

Josef Haghnazarzadeh and Catherine Y. Haghnazarzadeh, pro sese.

<u>Halvor R. Melom</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  Respondent determined deficiencies of $2,020,083

and $960,655 and penalties pursuant to section 6662(a) of $404,017 and $192,131

for 2011 and 2012 (years at issue), respectively.  The parties have filed two

[*2] stipulations of settled issues,[1] and the only remaining issue is whether certain deposits into petitioners' nine bank accounts are ordinary income or nontaxable deposits.

All statutory references are to the Internal Revenue Code in effect for all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioners resided in California when they filed their petition. During the years at issue petitioner husband was in the real estate business. Petitioners had nine bank accounts in the name of petitioner husband and/or petitioner wife for the years at issue.

In the notice of deficiency respondent determined that petitioners had unreported taxable income of $4,854,849 and $1,868,212 for 2011 and 2012, respectively. Respondent's revenue agent performed a bank deposit analysis to determine the amount of unreported income.

For 2011 the total amount of net taxable deposits, calculated in the bank deposit analysis as gross deposits plus interest, minus transfers and nontaxable

---

[1]The parties stipulated, inter alia, that petitioners are not liable for the sec. 6662 penalties for 2011 and 2012.

**[*3]** deposits, across the nine bank accounts was $5,101,703. Petitioners reported income of $246,854 on their 2011 return, and respondent determined that items totaling to this amount could have been deposited into petitioners' bank accounts as cash deposits. Respondent subtracted these cash deposits from the net taxable deposits to arrive at $4,854,849 in unreported taxable income for 2011.

For 2012 the total amount of net taxable deposits, calculated in the bank deposit analysis as gross deposits plus interest, minus transfers and nontaxable deposits, across the nine bank accounts was $2,143,896. Petitioners reported income of $275,584 on their 2012 return, and respondent determined that items totaling to this amount could have been deposited into petitioners' bank accounts as cash deposits. Respondent subtracted these cash deposits from the net taxable deposits to arrive at $1,868,312 in unreported taxable income for 2012. However, in the notice of deficiency, respondent mistakenly wrote the unreported taxable income for 2012 as $1,868,212, and has conceded the $100 difference.

OPINION

Section 61(a) provides that gross income includes "all income from whatever source derived". See also Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955). A taxpayer is required to maintain books and records sufficient to establish his or her income. See sec. 6001; DiLeo v. Commissioner,

**[\*4]** 96 T.C. 858, 867 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992).  If a taxpayer failed to maintain these records, the Commissioner may determine income under the bank deposit method.  DiLeo v. Commissioner, 96 T.C. at 867.  A bank deposit is prima facie evidence of income.  Id. at 868.

Petitioners did not produce books or records reflecting the full amount of deposits made to their bank accounts in the years at issue.  They did not maintain books and records sufficient to establish their income.  Respondent permissibly performed a bank deposit analysis to determine their income.

For the tax years at issue the revenue agent examined petitioners' nine bank accounts.  The revenue agent identified the deposits that were nontaxable or that petitioners had already reported as income.  After removing such deposits from the computation, respondent determined that petitioners failed to report ordinary income of $4,854,849 and $1,868,212 for taxable years 2011 and 2012, respectively.

Once the Commissioner has made the prima facie case that a taxpayer received income, the taxpayer bears the burden of showing that the deposits made into his or her account represent nontaxable income.  See id. at 869.[2]  The taxpayer

---

[2]In unreported income cases such as this, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing

(continued...)

**[\*5]** must present credible evidence to shift the burden of proof to the Commissioner under section 7491(a).  Petitioners failed to do so.

At trial petitioner husband sought to have a 2011 deposit of $710,000 for account number 8023 treated as nontaxable.  Respondent's counsel identified this deposit in the list of deposits already accounted for as nontaxable in the bank deposit analysis.

Petitioner husband also sought to have certain other deposits treated as nontaxable.  For 2011 he mentioned deposits of $1,556,000, $130,000, and $60,000 for account number 8023 and deposits of $1,390,000, $875,000, and $327,000 for account number 4683.  For 2012 he mentioned deposits of $75,000, $137,000, and $198,000, as well as a variety of smaller deposits, for account number 8023 and deposits of $335,000, $117,000, $192,000, and $90,000 for account number 4683.

---

[2](...continued)
activity or demonstrating that the taxpayer actually received unreported income.  See Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977); see also Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982) (holding that the Commissioner's assertion of a deficiency due to unreported income is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income).  Petitioners did not dispute receiving the income, and the bank deposit analysis provided evidence that they received the income.

**[\*6]**  Petitioner husband did not present evidence substantiating his claim that any of these other deposits should be treated as nontaxable.  We sustain respondent's deficiency determinations before us for the years at issue.

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.
