# United States Tax Court

T.C. Summary Opinion 2023-7

DONALD S. AHAIWE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 3488-20S.                      Filed March 8, 2023.

_____

Donald S. Ahaiwe, pro se.

*Patrick J. Coleman*, *Nicole M. Mitchell*, *Michael W. Tan*, *Michelle K. Park*, and *Lilian E. Villegas Montiel*, for respondent.

SUMMARY OPINION

CARLUZZO, *Chief Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 20, 2020 (notice), respondent determined a deficiency in petitioner's 2017 federal income tax. The deficiency determined in the notice results from an increase in petitioner's income by the amount reported as cancellation of indebtedness (COI) on Form 1099–C, Cancellation of Debt, issued to

_____

[1] Section references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner by Midland Funding, LLC (Midland).[2] The issue for decision is whether the COI is includible in petitioner's 2017 income.

*Background*

Petitioner resided in California when he filed the Petition.

Before the year in issue, petitioner defaulted on a Citibank, N.A., credit card account. The account was purchased by Midland in 2013, and as a result of the default Midland sued petitioner that year in the Superior Court of California, County of Los Angeles, asking for judgment in the amount of the outstanding balance then due on the account (lawsuit). The lawsuit was settled on July 15, 2015, pursuant to a settlement agreement that required petitioner to pay an agreed-upon amount in installments over the course of several months. The settlement agreement further provided that after petitioner had paid that amount, Midland would forgive the remainder of the account and report forgiveness of debt "as required by IRS regulations." Petitioner was represented by counsel in the lawsuit and in connection with the settlement of the lawsuit.

As it turned out, taking into account the last installment payment made in or around August 2016, petitioner paid slightly less than the settlement agreement obligated him to pay. Midland nevertheless canceled the remaining balance on the credit card account. According to Midland's records, petitioner's "Visa or Mastercard" credit card debt was forgiven as of March 18, 2017.

Petitioner did not include any COI in the income reported on his 2017 federal income tax return.

*Discussion*

According to the notice, Midland's discharge of petitioner's credit card debt resulted in income to petitioner, although respondent now concedes that the correct amount of COI income is less than the amount shown in the notice.

---

[2] Actually, Midland issued two Forms 1099–C for the same credit card debt cancellation. The information shown on the first version was used in the notice and taken into account in the deficiency here in dispute. A corrected Form 1099–C shows a lesser amount of credit card debt forgiveness than the amount shown in the first one. Respondent now agrees that the lesser amount is the correct amount.

Generally, the Commissioner's determinations made in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[3] Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). If the deficiency is attributable to unreported income, however, for the presumption of correctness to apply, the Commissioner must present some substantive evidence linking the taxpayer with the unreported income in question. *Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977). Midland's records, including the original and corrected Forms 1099–C, satisfy respondent's burden in that regard, and petitioner bears the burden of proving that respondent's deficiency determination is incorrect.

Section 61(a) defines income to include any income from the discharge of indebtedness. § 61(a)(12). The income is recognized for the year the cancellation occurs. *Montgomery v. Commissioner*, 65 T.C. 511, 520 (1975).

Petitioner advances various reasons why the COI should not be included in his income. According to petitioner, the credit card account to which the debt forgiveness relates was not his account; Midland's records, however, unequivocally establish that it was.

Acknowledging that the credit card account might have been his, petitioner further argues that the forgiven debt was attributable to fraudulent charges. The payment obligation that petitioner assumed in connection with the settlement of the lawsuit greatly undermines that argument. According to petitioner, he settled the lawsuit "to get [Midland] off [his] back." We find it implausible that petitioner, who was represented by counsel during the negotiation of the settlement of the lawsuit, would have proceeded as he did at the time the lawsuit was settled if this claim of fraudulent charges had merit. We reject petitioner's claim that the Midland credit card account was not his, as well as his claim that the charges that gave rise to the debt that was forgiven were fraudulently made.

---

[3] Under section 7491(a), the burden of proof may shift to the Commissioner as to certain factual issues relevant to a taxpayer's tax liability if the taxpayer meets certain conditions. *See Higbee v. Commissioner*, 116 T.C. 438, 440–43 (2001). Petitioner did not contend that the burden of proof should shift to respondent under section 7491(a), nor has he established that the requirements for shifting the burden of proof have been met.

Petitioner also argues that he was insolvent at the time of the debt forgiveness and, therefore, the amount of debt forgiven is excludable from income. We turn our attention to that argument.[4]

Gross income does not include any amount that would be includible in a taxpayer's income by reason of the discharge of indebtedness if the discharge occurred when the taxpayer was insolvent. § 108(a)(1)(B). For purposes of section 108(a)(1)(B), an insolvent taxpayer is one who has an "excess of liabilities over the fair market value of assets" as determined "immediately before the discharge." § 108(d)(3).

Petitioner has the burden of proving his claim that he was insolvent. *See* Rule 142(a). In support of his burden, petitioner relies upon an "insolvency worksheet" he created, but that worksheet is little more than numbers on a page. Petitioner provided neither testimony nor documentation that establishes how the assets shown on the worksheet are valued, and the balances of the liabilities shown on that document are not confirmed by any independent evidence. Petitioner's claim that he was insolvent at the time his credit card debt was forgiven is rejected.

It follows and we find that the COI income shown on the corrected Form 1099–C is includible in petitioner's 2017 income.

To reflect the foregoing, and to ensure that the proper amount of the COI is taken into account in the computation of the deficiency,

*Decision will be entered under Rule 155.*

---

[4] Petitioner also argues that 2017 is not the proper year to include the COI in income, but other than his uncorroborated and unpersuasive testimony on the point, he offered no evidence in support of this argument. We note that in a document he offered in support of his claim to have been insolvent at the time the debt was forgiven, petitioner took the position that the cancellation occurred during 2017. Under the circumstances, we reject without further discussion petitioner's claim that the debt was forgiven in other than 2017.