# United States Tax Court

T.C. Summary Opinion 2023-18

ANTHONY VENNARD HITCHMAN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 26739-21S.                          Filed May 2, 2023.

————

Anthony Vennard Hitchman, pro se.

*Adriana E. Vargas*, *Gregory Michael Hahn*, *Patsy A. Clarke*, and *Ara Derhartonian*, for respondent.

## SUMMARY OPINION

LEYDEN, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS)[2] examined petitioner's 2018 federal individual income tax return.  The IRS issued a notice of

———

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings.  The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

deficiency dated April 26, 2021, and determined a deficiency of $1,962 for 2018. Petitioner timely filed a Petition for redetermination pursuant to section 6213(a).

The issues for decision are whether for 2018 petitioner's gross income includes (1) dividend and interest income received, but unreported, from his shares in Och-Ziff Capital Management Group, LLC (Och-Ziff), and (2) bond interest income, which is income in respect of a decedent from the redemption of a savings bond he inherited from his father. The Court concludes that petitioner's gross income includes both the unreported dividend and interest income and the income in respect of a decedent.

*Background*

Some of the facts have been stipulated and are so found. Petitioner resided in Washington State when he timely filed the Petition.

The First Stipulation of Facts is incorporated herein by this reference, except for Exhibits 4–J and 8–J. At trial petitioner objected to Exhibit 4–J on grounds of relevancy. The Court sustained petitioner's objection, and it was not admitted. Respondent objected to Exhibits 7–J, 8–J, and 10–J on grounds of hearsay because of handwritten notations on those documents. The Court sustained respondent's objection to Exhibit 8–J, and it was not admitted. The Court overruled respondent's objections to Exhibits 7–J and 10–J. Petitioner also introduced at trial Exhibits 11–P and 12–P. Respondent objected to those Exhibits on grounds of relevancy. The Court sustained respondent's objection, and Exhibits 11–P and 12–P were not admitted.

I.      *Petitioner's 2018 Tax Return*

Petitioner filed his 2018 federal individual income tax return on April 15, 2019. For that tax year Och-Ziff issued him a Schedule K–1 (Form 1065), Partner's Share of Income, Deductions, Credits, etc., that reported interest income of $18. That Schedule K–1 also reported dividends of $223. For 2018 petitioner reported on his tax return interest income and dividend income from Och-Ziff of $7 and $2, respectively. For 2018 the Bureau of the Fiscal Service Treasury Direct Ops and Dev Branch issued to petitioner Form 1099–INT, Interest Income, that reported interest income of $13,992 from a U.S. series I savings bond (savings bond). Petitioner reported $260 in savings bond interest on his 2018 return.

## II.    *Petitioner's Father's Passing and Petitioner's Inheritance*

On April 12, 2018, petitioner's father, Leonard V. Hitchman, passed away. Petitioner inherited a savings bond from his father. Petitioner had the savings bond reissued in his name and redeemed it. A 2018 federal individual income tax return was filed on behalf of petitioner's father on April 15, 2019. That return did not report interest income from the savings bond. The record does not show and the parties do not assert that petitioner's father reported any interest income with respect to the savings bond during the time petitioner's father owned the bond. Petitioner does not dispute receiving the savings bond or the accrued interest income. Petitioner reported interest income from the savings bond equal to the amount of interest income accumulated from the date the bond was reissued in his name until it was redeemed.

## III.    *Notice of Deficiency*

On April 26, 2021, the IRS issued petitioner a statutory notice of deficiency for tax year 2018 and proposed a deficiency of $1,962 based on unreported savings bond interest of $13,992,[3] unreported interest income of $11, and unreported dividend income of $221 reported on a Schedule K–1.[4]

### *Discussion*

## I.    *Burden of Proof*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Gross income generally includes all income from whatever source derived, including dividends and interest income. I.R.C. § 61(a); *Commissioner v. Glenshaw Glass Co.*,

---

[3] Based on the record, the Court understands the amount of unreported savings bond interest determined by the IRS to be the amount of accrued and unreported interest from the date petitioner's father purchased the savings bond until the date before petitioner had the bond reissued. Petitioner reported $260 of savings bond interest on his 2018 tax return, which on the record was the amount of the accrued interest from the date the bond was reissued until petitioner redeemed it.

[4] Petitioner reported on his 2018 tax return dividend income of $2 and interest income of $7 from Och-Ziff. Therefore, the notice of deficiency proposed a deficiency only with respect to the difference between the Schedule K-1 reported interest and dividend income and the amounts petitioner reported on his tax return.

348 U.S. 426, 429–30 (1955); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1988), *aff'g* T.C. Memo. 1987-225; Treas. Reg. §§ 1.61-1(a), 1.61-7(a), 1.61-9(a).  The U.S. Supreme Court has held consistently that Congress defined gross income to exert "the full measure of its taxing power." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. at 429 (quoting *Helvering v. Clifford*, 309 U.S. 331, 334 (1940)).

In the U.S. Court of Appeals for the Ninth Circuit the presumption of correctness attaches in a case involving unreported income if the Commissioner first establishes some evidentiary foundation linking the taxpayer with the alleged income-producing activity.  *See Weimerskirch v. Commissioner*, 596 F.2d 358, 361–62 (9th Cir. 1979), *rev'g* 67 T.C. 672 (1977); *Rodriguez v. Commissioner*, T.C. Memo. 2009-92.  If the Commissioner connects the taxpayer with unreported income determined in a statutory notice of deficiency, the taxpayer has the burden of proving that the Commissioner's determination is erroneous.  *See George v. Commissioner*, T.C. Memo. 2002-163.

Respondent has established a sufficient evidentiary foundation as to the unreported income determined in the notice of deficiency.  A Schedule K–1 and a Form 1099–INT were issued to petitioner reporting Schedule K–1 interest and dividend income and savings bond interest income in petitioner's name.  Thus, respondent's determination of unreported income is entitled to the presumption of correctness.  Petitioner does not dispute receiving the savings bond interest income or the interest and dividend income from Och-Ziff.

II.    *Interest and Dividend Income*

As to the interest and dividend income he received from Och-Ziff and reported on the Schedule K–1, petitioner argues that it should have been split between him and his brother, the other beneficiary of his father's estate.  All income, unless expressly excluded, is taxable.  I.R.C. § 61.  Petitioner concedes that he received taxable interest and dividend income from Och-Ziff.  He asserts, however, that he should be taxed only on part of it because part of it belonged to his brother.  Unfortunately, petitioner has not provided any documentary evidence to show that any partnership shares in Och-Ziff were owned by both him and his brother.  That assertion is contrary to how the Schedule K–1 reported the interest and dividend income, all in only petitioner's name.  Accordingly, the Court finds that petitioner has not met his burden of proof, and the

unreported interest income of $11 and the unreported dividend income of $221 are taxable to petitioner for 2018.

III.    *Savings Bond Interest Income*

Petitioner asserts that the savings bond had been reissued and the basis in it was the value as of the date of reissuance. He asserts that he is liable for only the interest income that accrued from the time the savings bond was reissued until it was redeemed. Petitioner argues, without support, that a savings bond is property and gets a stepped-up basis when it is inherited.

Interest on U.S. savings bonds is fully taxable. Treas. Reg. § 1.61-7(b)(3). A taxpayer who owns a U.S. savings bond can elect to report the income on his federal income tax return. *Id.* Under section 454(a) a bond owner for whom the entire interest is includible in income at the maturity of the bond may elect to treat the annual interest as income. An election is made simply by including the interest as income on a tax return, and that election is binding for all subsequent years. I.R.C. § 454(a). If no such election is made, the interest accumulates, and when the bond matures, the accumulated interest is taxable in the year the bond matures or is redeemed. I.R.C. § 454(c) (flush language).

Accumulated interest on savings bonds may constitute income in respect of a decedent under section 691. *See Apkin v. Commissioner*, 86 T.C. 692, 695 (1986). Regarding the tax treatment for recipients of income in respect of decedents, section 691(a) provides under the heading "Inclusion in Gross Income":

> (1) General rule.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period . . . shall be included in the gross income, for the taxable year when received, of:
>
> > . . . .
> > (B) the person who, by reason of the death of the decedent, acquires the right to receive the amount . . . .

Petitioner inherited the savings bond when his father died in 2018. Based on the record, the Court concludes that petitioner's father did not report any interest income on the savings bond while he owned it. His father did not make an election under section 454(a) to have the annual interest on the bonds made taxable. The interest on the bonds

therefore accumulated, and when petitioner redeemed the bonds, the accumulated interest was includible in his income as income in respect of a decedent. Accordingly, the Court finds that petitioner had unreported interest income from his inherited savings bond for 2018 of $13,992.

To reflect the foregoing,

*Decision will be entered for respondent.*